IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: § | § | Chapter 7 |
| Q'Max America, Inc., *et al.* [1] | § § § | Case No. 20–60030-CML |
| Debtors. | § § | Jointly Administered |
| Christopher R. Murray, Chapter 7 Trustee, | § § § | |
| Plaintiff | § § § | |
| v. | § § § | Adversary No. 22–_____ |
| Baeza Trucking & Hot Shot Services, LLC, | § § § § | |
| Defendant. | § § | |

**COMPLAINT**

Christopher R. Murray, in his capacity as the chapter 7 trustee ("**Plaintiff**" or "**Trustee**") for the bankruptcy estate of Anchor Drilling Fluids USA, LLC ("**Debtor**"), files this complaint ("**Complaint**") against Baeza Trucking & Hot Shot Services, LLC ("**Defendant**") seeking to: (1) avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the 90–day period prior to the Petition Date (as defined below) pursuant to §§ 547 and 550 of the United States Code,[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

[2] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise. Further, any reference to "**Rule**" or "**Bankruptcy Rule**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise

and (2) to disallow any claims held by the Defendant pursuant to § 502(d) of the Code, plus pre– and post–petition interest in accordance with applicable law.

### **JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (O), and the general "catch–all" language of 28 U.S.C. § 157(b)(2).

2. The statutory and procedural bases for the relief requested herein are §§ 502(d), 547, and 550 of the Bankruptcy Code, Rules 3007(b) and 7001(1) of the Bankruptcy Rules, and Rule 7008–1 of the Bankruptcy Local Rules for the Southern District of Texas ("**BLR**").

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Court has constitutional authority to enter a final order on the Complaint. The Complaint concerns essential bankruptcy matters which have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[3] In the alternative, all matters addressed in the Complaint are essential bankruptcy matters which trigger the public rights exception.[4]

5. Pursuant to BLR 7008–1, the Trustee consents to the entry of a final order or judgment by the Court if it is determined that absent consent of the parties, the Court cannot enter final orders or judgment consistent with Article III of the United States Constitution.

---

[3] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).
[4] *Id.*

## THE PARTIES

6. Plaintiff is the duly appointed chapter 7 Trustee for Debtor's bankruptcy estate. Plaintiff may be served with pleadings and process of this adversary proceeding through his undersigned counsel.

7. Defendant is a limited liability company, organized and existing under the laws of the State of Texas and may be served with process by serving its registered agent, Krystal Lerma, 1201 Rancho St, Pecos, TX 79772.

## SUMMARY OF COMPLAINT

8. The Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the Petition Date (as defined below) pursuant to sections 547 and 550 of the Bankruptcy Code, plus pre-petition and post-petition interest in accordance with applicable law.

## GENERAL ALLEGATIONS

**A. The Debtor**

9. On May 24, 2020, Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code, commencing this case ("**Case**").[5] It is jointly administered under Case No. 20-60030.

10. The Debtor was an independent drilling fluids company focused on providing drilling fluids and solids control services to national and independent oil companies. Debtor Anchor was based in Houston, Texas.

---

[5] ECF No. 1.

### B. The Transfers

11. In the 90 days prior to the Petition Date ("**Preference Period**"), Debtor continued to make transfers to trade creditors and other miscellaneous third parties, including one or more transfers ("**Transfers**") to Defendant in the amount of the dates set forth in **Exhibit A** attached hereto. The total amount is **$33,921.00**.

12. The Plaintiff is seeking to avoid the Transfers made by Debtor to the Defendant within the Preference Period, subject to the new value defense discussed below.

### C. Statutory Defenses

13. On March 10, 2022, the Plaintiff, through counsel, sent a demand letter ("**Demand Letter**") to the Defendant seeking a return of the Transfers. The Demand Letter requested that if the Defendant had any affirmative defenses, it contact counsel so the Plaintiff could review the same. The Defendant responded to the Demand Letter but did not provide applicable statutory defenses.

14. The Plaintiff conducted his own evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfers under the circumstances of these Cases, and the Plaintiff has determined that it may avoid the Transfers even after taking into account the Defendant's potential statutory defenses under § 547(c) of the Code. The Plaintiff concluded that Defendant provided new value under § 547(c)(4) of the Code in the amount of $10,200. Therefore, the preferential amount of the Transfers is $23,721.[6]

15. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period or that

---

[6] *See* 11 U.S.C. § 547(c)(4).

may be avoidable under other provisions of the Code. It is the Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtor, as well as interests of the Debtor in property, to or for the benefit of the Defendant or any other transferee. The Plaintiff reserves his right to amend this Complaint to include the following: (a) further information regarding the Transfers; (b) additional transfers; (c) modifications of and/or revision to the Defendant's name; (d) additional defendants; and/or (e) additional causes of action, if applicable (collectively, the "**Amendments**"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery, or otherwise, and for the Amendments to relate back to this original Complaint.

### CLAIM I – AVOIDANCE OF PREFERENCE TRANSFERS PURSUANT TO 11 U.S.C. § 547

16. The allegations in paragraphs 8-15 are realleged and incorporated herein by this reference.

17. The Transfers identified in **Exhibit A** attached hereto, constitute transfers of an interest in property of Debtor, made to or for the benefit of the Defendant who is, and was during the Preference Period, a creditor of Debtor.

18. The Transfers were made for or on account of antecedent debts owed by Debtor to Defendant before such Transfers were made.

19. Debtor was insolvent at the time of the Transfers. Debtor is entitled to the presumption of insolvency for Transfers made during the Preference Period pursuant to § 547(f).

20. The Transfers were made during the Preference Period.

21. By virtue of the Transfers, Defendant received more than it would have received (i) had the Transfers not been made, and (ii) had Defendant received distributions on account of its debts under the provisions of the Code.

22. The Transfers thus constitute preferences pursuant to § 547(b) of the Bankruptcy Code and should be avoided.

### CLAIM II – RECOVERY OF PREFERENCE TRANSFERS PURSUANT TO 11 U.S.C. § 550

23. The allegations in paragraphs 8-22 are realleged and incorporated herein by this reference.

24. After accounting for the reasonably knowable affirmative defenses to avoidance, the Plaintiff is entitled to avoid the Transfers in the amount not less than $23,721.00 pursuant to § 547(b) of the Code ("**Avoidable Transfers**").

25. Because the Transfers constitute avoidable preferences under § 547 of the Bankruptcy Code, the Trustee may recover the Transfers under § 550(a) of the Code.

26. Defendant was either (i) an initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or (ii) an immediate or mediate transferee of the Transfers.

27. As such, the Trustee is entitled to recover the Transfers from Defendant.

### CLAIM III – DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(D)

28. The allegations in paragraphs 8–27 are realleged and incorporated herein by this reference.

29. The Defendant is a transferee of the Transfers that are avoidable under § 547 of the Code, and in which is recoverable under § 550 of the Code.

30. The Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which the Defendant is liable under § 550 of the Code.

31. Pursuant to § 502(d) of the Code, any claims held or filed by the Defendant against Debtor must be disallowed until the Defendant pays to the Plaintiff an amount equal to the Avoidable Transfers plus applicable interest.

### REQUEST FOR PRE– AND POST–JUDGMENT INTEREST

32. The Plaintiff seeks pre–judgment interest on the value of the Avoidable Transfer from the date of demand through the date of judgment at the legal maximum rate and to the fullest extent allowed by applicable law. The Plaintiff seeks post–judgment interest on all money damages awarded hereunder from the date of judgment until paid at the prevailing federal judgment rate.

### PRAYER

33. Accordingly, the Trustee respectfully requests that the Court enter Judgment in his favor as follows:

   i. On Plaintiff's first and second claims for relief, judgment in favor of the Plaintiff and against the Defendant avoiding the Avoidable Transfers and directing Defendant to return to the Plaintiff the amount of the Avoidable Transfer pursuant to §§ 547(b) and 550(a) of the Code, plus pre–judgment interest from the date of demand at the legal maximum rate and to the fullest extent allowed by applicable law, and post–judgment interest at the legal maximum rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

   ii. On the Plaintiff's third claim for relief, judgment in favor of the Plaintiff and against the Defendant disallowing any claims held or filed by the Defendant against the Debtor until the Defendant returns the Avoidable Transfers to the Plaintiff pursuant to § 502(d) of the Code; and

   iii. Such other and further relief as this Court may deem just and proper.

Date: May 18, 2022                    **MCDOWELL HETHERINGTON LLP**

                                      By: /s/ Nicholas R. Lawson
                                      Nicholas R. Lawson
                                      Texas Bar No. 24083367
                                      1001 Fannin Street, Suite 2700
                                      Houston, TX 77002
                                      P: 713-221-3799
                                      F: 713-333-6035
                                      E: nick.lawson@mhllp.com

**Exhibit A**

| Name | Check Clear Date | Receipt Date | Payments and Purchase Orders | Amount | Preference with New Value Credit |
|---|---|---|---|---|---|
| BAEZA TRUCKING & HOT SHOT SERVICES, LLC | 2/28/2020 | | CHECK; 164560; 2/7/2020 | ($17,780.00) | ($17,780.00) |
| BAEZA TRUCKING & HOT SHOT SERVICES, LLC | 3/24/2020 | | CHECK; 164807; 2/20/2020 | ($5,514.00) | ($23,294.00) |
| BAEZA TRUCKING & HOT SHOT SERVICES, LLC | | 2/25/2020 | PO0022253:BAEZA TRUCKING & HOT SHOT-BELLY DUMPS - 1389 | $9,500.00 | ($13,794.00) |
| BAEZA TRUCKING & HOT SHOT SERVICES, LLC | | 3/21/2020 | PO0019959: BAEZA TRUCKING ST00240451 - 1368 | $700.00 | ($13,094.00) |
| BAEZA TRUCKING & HOT SHOT SERVICES, LLC | 5/4/2020 | | CHECK; 165277; 5/4/2020; BAEZA TRUCKING & HOT SHOT SERVICES, LLC | ($10,627.00) | ($23,721.00) |

|  |  |
|---|---|
| Date of Filing | 5/24/2020 |
| 90 Day Date | 2/24/2020 |
| 90 Day Payments | ($33,921.00) |
| New Value Credit | $10,200.00 |
| Preference Demand | ($23,721.00) |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Christopher R. Murray, Chapter 7 Trustee | **DEFENDANTS**<br>Baeza Trucking & Hot Shot Services, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>McDowell Hetherington LLP \| Nicholas R. Lawson<br>1001 Fannin, Suite 2700 \| Houston, TX 77002 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

CLAIM I – AVOIDANCE OF PREFERENCE TRANSFERS PURSUANT TO 11 U.S.C. § 547
CLAIM II – RECOVERY OF PREFERENCE TRANSFERS PURSUANT TO 11 U.S.C. § 550
CLAIM III – DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(D)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $23,721.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Christopher R. Murray, Chapter 7 Trustee | BANKRUPTCY CASE NO.<br>20-60030 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of Texas | DIVISION OFFICE<br>Victoria | NAME OF JUDGE<br>Christopher M. Lopez |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Nicholas R. Lawson |||
| DATE<br><br>May 18, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Nicholas R. Lawson, Special Litigation Counsel ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.